1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

HARRIET MORLEY,

11

Plaintiff,

12

v.

13

JOHN POTTER, Postmaster General,

14

Defendant.

Case No. C-04-5211FDB

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND FOR
SUMMARY JUDGMENT

15

16

17

18

19

20

 Plaintiff Harriet Morley, a former employee of the United States Postal Services, has sued

Defendant John Potter, Postmaster General of the United States Postal Service ("USPS"), claiming

that USPS has breached the terms of a settlement agreement.  This matter is before the Court on

USPS' motion to dismiss portions of Ms. Morley's complaint for lack of jurisdiction and for failure

to state a claim upon which relief can be granted.  USPS further moves for summary judgment that it

is entitled to judgment as to the remaining claims.

21

22

23

 To assist in its determination, the Court has reviewed the motion, opposition, reply,

supporting declarations, exhibits, and the balance of the record.  For the reasons articulated herein,

Defendant's motions shall be granted.

24

25

26

ORDER - 1

I.

**A.   Undisputed Facts**

Ms. Morley worked for USPS from June 27, 1968 until she retired on July 2, 2001.  With the exception of a one year period, Ms. Morley was a letter carrier.  During the relevant time period, Ms. Morley worked in Olympia, Washington, Lacey Branch.

On January 26, 2000, USPS and Ms. Morley entered into a settlement to resolve three pending EEO complaints ("the Settlement Agreement").  Two of the EEO complaints involved allegations by Ms. Morley that she had not received supervisory opportunities because of her disability (hearing loss), age and gender.  The third asserted employment place retaliation for filing the first two complaints.

The Settlement Agreement provides as follows:

> 1. Within the next six months, Linda Smith will schedule Harriet Morley for a Basic Administrative Course for Supervisors in Seattle.
>
> 2. If, from the date of this agreement, Harriet Morley successfully completes nine months of work with no unscheduled absences and no preventable vehicular or industrial accidents, then
>
>> A). As soon as possible after the completion of this nine month period, Linda Smith will secure Harriet Morley a level 11 or 13 Officer-In-Charge position within a 50 mile radius of Chehalis and
>>
>> B). After the Officer-In-Charge position is assigned and before Harriet Morely actually starts at the Officer-In-Charge position, the Olympia Postmaster will arrange for her to receive up to one week (as needed) of financial training.
>
> For the purposes of this clause, previously accepted claims, like the recurring problem with Harriet Morley's thumb, will not be considered a "preventable accident."
>
> 3. It is understood by all parties to this agreement that in order to be eligible for a management position in the Postal Service, [complainant] will be expected to maintain an excellent safety and attendance record on an ongoing basis after the initial nine-month period referred to in paragraph two above.

ORDER - 2

1          4. Ron Kusunose agrees that if Harriet Morley has any unresolved
2             issue related to this agreement, she can discuss the issues with him and
              he will listen to her.

3          On February 17, 2005, Ms. Morley had surgery on her thumb.  When she signed the

4    Settlement Agreement, Ms. Morley did not know when she would be scheduled for surgery.  She

5    was off work from February 17, 2000 until August 16, 2000, and received Office of Workers

6    Compensation (OWCP) benefits.   During this time, the basic administrative course ("Basic Course")

7    referred to in the parties' Settlement Agreement was held twice, once on April 10 to April 14, 2000,

8    and again on May 22 to May 26, 2000.  USPS scheduled Ms. Morely was scheduled for both classes,

9    but as she had not returned to work by the time the courses commenced, her name was withdrawn.

10         While Ms. Morely was on extended sick leave, USPS did not contact her regarding the

11   scheduled classes.  Ms. Morely was scheduled for physical therapy during the time both courses were

12   held and continued to receive OWCP benefits.  Ms. Morely returned to work on August 17, 2000.

13   In December, 2000, Ms. Morely wrote to USPS, stating that she believed the Settlement Agreement

14   had been breached because she had not been scheduled for the class at issue.  USPS responded that it

15   had not violated the agreement because Ms. Morley was on extended sick leave during the time the

16   classes had been scheduled and that she would be scheduled for the next class.  The Basic Course

17   was never given again.  The decision to stop offering the class was made at the national level.  Ms.

18   Morely retired on July 2, 2001.

19         Ms. Morley did not contact her employer during her sick leave.  If Ms. Morley had returned

20   to work, for light or full duty, she would have first been cleared to work by the OWCP and given up

21   her benefits.

22         The Settlement Agreement provided that Ms. Morley would be placed in an Officer-in-

23   Charge position at a grade 11 or 13 level if she "successfully completes nine months of work with no

24   unscheduled absences and no preventable vehicular or industrial accidents."  A grade 11 pays less

25   than Ms. Morely was being paid at the time as a letter carrier; a grade 13 would have paid slightly

26   ORDER - 3

1   more.  The Officer-in-Charge position is a temporary position to fill in for a Postmaster who is

2   unavailable.  The Basic Course is not a prerequisite for becoming a Postmaster.  No Postmaster

3   positions were available between May and July of 2001 (after the ninth month accident-free period

4   and before Ms. Morely retired).

5          **B.     The Dispute**

6          USPS argues that the parties intended that Ms. Morley would be provided with some

7   supervisory training to enable her to be more competitive if a Postmaster position became available.

8   The agreement, however, did not promise Ms. Morley a promotion, nor was the taking of the

9   particular course a prerequisite to her being placed in an Officer-in-Charge position.   Although

10  USPS scheduled Ms. Morley for the course on two occasions, it was her own actions that prohibited

11  her from taking the course and in any event, she would have had to give up her OWCP benefits in

12  order to return to work to attend the course.  Shortly after the end of the nine month period of no

13  accidents and unscheduled absences that was a prerequisite to placement of Ms. Morley in an

14  Officer-in-Charge position, Ms. Morley retired on July 2, 2001, effectively precluding fulfillment of

15  the remaining terms of the Settlement Agreement.

16         USPS seeks summary judgment that it did not breach the Settlement Agreement or that if it

17  did, the breach was not material because Ms. Morley suffered no damages.  In addition, and

18  assuming the Court finds a breach, USPS seeks dismissal of Ms. Morley's claims for damages

19  because her exclusive remedy is either enforcement of the agreement or resurrection of her

20  underlying EEO claims.

21         Ms. Morley contends that she was willing and able to attend the supervisory courses during

22  her medical leave and that USPS' refusal to contact her during her medical leave was in conflict with

23  postal practices and regulations.  Ms. Morley also contends that she never wanted the training course

24  included in the Settlement Agreement because she felt she had adequate education and experience to

25  be a manager.  However, Ms. Morley believes that completion of the Basic Course was a

26  ORDER - 4

1   precondition to her being placed in an Officer-in-Charge position.  Ms. Morley also contends that her

2   retirement was involuntary due to the chronic pain she was suffering, limitations in her ability to

3   perform her job as a letter carrier, and that by its refusal to implement the terms of the Settlement

4   Agreement, USPS had effectively terminated her options for moving into management.

5          Ms. Morley argues that USPS has breached the Settlement Agreement, that she is entitled to

6   a de novo review of her underlying EEO claims.  Ms. Morley alleges also that she is entitled to

7   reinstatement, up to two years back pay and front pay, damages for emotional distress and pain and

8   suffering, and attorney fees and costs.

9                                              II.

10                     *Defendant's Motion for Summary Judgment*

11         Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories,

12   and admissions on file show that there is no genuine issue as to any material fact and that the moving

13   party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56©).  Summary judgment is not

14   proper if material factual issues exist for trial.  Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.

15   1995), *cert. denied*, 516 U.S. 1171 (1996).

16         If the moving party shows that there are no genuine issues of material fact, the non-moving

17   party must go beyond the pleadings and designate facts which show a triable issue.  Celotex Corp. v.

18   Catrett, 477 U.S. 317, 322-323 (1986).  Summary judgment is proper if the moving party shows that

19   there is no evidence which supports an essential element to the non-moving party's claim.  Celotex,

20   477 U.S. 317 (1986).  The substantive law governs whether a fact is material.  Anderson v. Liberty

21   Lobby, Inc., 477 U.S. 242, 248 (1986).

22         It is well settled that language in a settlement agreement should be given the plain meaning

23   that would be understood by a reasonably intelligent person.  *A-transport Northwest Co. Inc. v.*

24   *United States*, 36 F.3d 1576, 1584 (Fed. Cir. 1994); *Lockheed Support Sys. Inc. v. United States*, 36

25   Fed. Cl. 424, 428 (1996).  The ordinary meaning controls rather than a party's subjective, but

26   ORDER - 5

1   unexpressed intent.  *International Transducer Corp. v. United States*, 30 Fed. Cl. 522, 526 (1994),

2   *aff'd*, 48 F.3d 1235 (Fed. Cir. 1995) (citations omitted).

3          It is undisputed that the terms of the Settlement Agreement required USPS to schedule Ms.

4   Morley for the Basic Course and that on two occasions, USPS did schedule her for the course.  It is

5   also undisputed that Ms. Morley was unable to attend the Basic Course because she was on extended

6   sick leave and USPS did not call her at home to advise her of the upcoming courses.  Thus, the main

7   issue for the Court to determine is whether USPS' failure to contact Ms. Morley during her sick

8   leave constitutes a breach of the settlement agreement and if so, whether such breach was material to

9   the parties' agreement.[1]

10          The plain language of the Settlement Agreement does not require USPS to ensure that Ms.

11   Morley actually attend the course.   The evidence reflects that USPS did, in fact, schedule Ms.

12   Morley twice and that USPS had no control over Ms. Morley's surgery and subsequent sick leave.

13   USPS' assumption that Ms. Morley would be returning to work was reasonable in the absence of any

14   information from Ms. Morley to the contrary.  Ms. Morley was receiving OWCP benefits for the

15   time she was off work and could not have returned to work, even for limited duty, without a

16   doctor's approval and a cessation of benefits.  It is also undisputed that following Ms. Morley's

17   return to work, a decision was made at USPS headquarters to permanently cancel the Basic Course.[2]

18          Ms. Morley urges that the intent of the parties at mediation was that her placement in the

19   

20       [1]Ms. Morley's claim that her retirement was "involuntary" is not relevant to a determination
that her attendance at the Basic Course was or was not a precondition to being placed in an officer-

21   in-charge position.  Moreover, there is no evidence that she was forced to retire nor is there a claim
of constructive discharge before the Court.

22   

23       [2]Ms. Morley's contention that she had been cleared for light duty in March 2000 is not
supported by the evidence.  The undisputed facts reveal that she was not cleared to return to work
until she submitted the CA 17 form in August of 2000, and that if she had been cleared earlier, she

24   did not take the steps necessary to terminate her OWCP benefits and return to work.  The evidence
also reflects that at the times she was scheduled to attend the Basic Course, she was undergoing

25   physical therapy.

26   ORDER - 6

1   Officer-in-Charge position was contingent upon her taking the Basic Course.  Such intent, however,

2   is undocumented and is contrary to the plain language of the Settlement Agreement.  The Settlement

3   Agreement provides that an assignment to an Officer-in-Charge position was contingent on Ms.

4   Morley successfully completing nine months of accident free work.  The Court finds that the plain

5   language of the agreement controls and that USPS did not breach the Settlement Agreement.

6                                              IV.

7                                *Defendant's Motion to Dismiss*

8          In determining a motion to dismiss for failure to state a claim upon which relief can be

9   granted, the Court must construe the complaint in the light most favorable to plaintiff.  Parks School

10  of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  A complaint should not be

11  dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set

12  of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 78

13  S.Ct. 99, 102 (1957); Parks, 51 F.3d at 1484.   However, the Court is not required to accept as true

14  allegations that are merely legal characterizations, conclusory, unwarranted deductions of fact or

15  unreasonable inferences.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

16         The parties agree that Ms. Morley's remedies for an alleged breach of a settlement agreement

17  are limited to specific implementation of the settlement agreement or to reopening the underlying

18  discrimination claim before the agency.  29 C.F.R. § 1614.504(a).  The regulation does not provide

19  for damages for breach and courts have no jurisdiction to award such compensatory relief.  *Frahm v.*

20  *United States*, 2005 WL 1528421 (W.D. VA 2005).   The parties agree that if the Court determines

21  that USPS breached the settlement agreement, she is not entitled to monetary damages and that her

22  sole remedy would be to resurrect her underlying EEO complaints.  Accordingly, any claim for

23  monetary damages must also be dismissed.  As noted above, the Court has determined that USPS

24  has not breached the Settlement Agreement and therefore, the remainder of Ms. Morley's claims

25

26  ORDER - 7

1    must be dismissed.[3]

2        ACCORDINGLY,

3        IT IS ORDERED:

4        A.      Defendant USPS' motion to dismiss and/or for summary judgment (Dkt.#12) is

5             **GRANTED** and Plaintiff's claims against USPS are **DISMISSED with prejudice**;

6             and

7        B.      The Clerk is directed to issue judgment accordingly.

8

9        DATED this <u>29th</u> day of September, 2005.

10

11                    FRANKLIN D. BURGESS

                      UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

---

20      [3]Ms. Morley alleges that USPS' breach of the Settlement Agreement was done in retaliation of her prior EEO activity, constitutes prohibited retaliation, and is part of a pattern of disparate treatment by USPS based on age, sex and retaliation. Ms. Morley contends that these allegations are assertions that the Court grant a de novo review of her original EEO complaints. The Court does not agree. Ms. Morley filed a Complaint seeking damages for breach of contract and for Title VII damages for that breach. USPS does not dispute that Ms. Morley has exhausted her administrative remedies for the bringing of this breach of settlement claim. However, neither the Complaint nor the facts support Ms. Morley's claim that she has exhausted her administrative remedies relating to the underlying EEO complaints. Indeed, execution of the Settlement Agreement would have effectively terminated further processing of the underlying EEO claims.

21

22

23

24

25

26   ORDER - 8